IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL CASE NO.: 4:09-CR-33-SA

MAURICE CLARK  DEFENDANT

ORDER

Now before the Court are the Defendant, Maurice Clark's, *pro se* Motions [73, 75] requesting early termination of his term of supervised release.

In this case, Clark was indicted on March 26, 2009 for knowingly and intentionally distributing approximately 55.3 grams of a mixture and substance containing crack cocaine. *See* [1]. He pled guilty. His sentencing hearing was held on June 28, 2011, at which time the Court sentenced him to serve a term of imprisonment of 120 months to be followed by five years on supervised release.

Clark's term of supervised release commenced on December 22, 2021. His term is set to expire on December 21, 2026. He has completed around 80% of the imposed term. In his filing, Clark states that he "has had stable housing and employment." [73] at p. 3. He also states that he participates in positive social activities in the community and "has been able to stabilize [himself] in society and be a positive role model to kids and his peers showing that he learned from his mistakes." *Id*.

Under the applicable statute, "the court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of

the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). Notably, the Fifth Circuit has held that the statute "confers broad discretion." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

After conferring with the United States Probation Service, the Court notes that Clark has done well while on supervision. The Probation Service reports that Clark has maintained verifiable employment, testified negative for illicit substances, and obtained no new charges.

However, Clark's filing indicates no particular reason as to why early termination of his supervision is justified. Compliance with the terms of supervision and with the law is insufficient to warrant early termination at this juncture, especially considering that Clark still has around one year remaining on the imposed term. *See*, *e.g.*, *United States v. Guidry*, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020) ("Generally, compliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required.").

Ultimately, the Court finds that Clark's request should be denied. Despite his success thus far on supervision, the Court does note that Clark was convicted in two separate drug distribution cases in this District. *See* N.D. Miss. Cause No. 4:10-CR-142. The Court has reviewed the Presentence Report from both of those cases and notes that Clark was classified as a career offender as a result of his convictions. Additionally, the Court notes that a five-year term of supervised release was the statutory minimum. And Clark appears to be an individual who has benefitted from being on supervised release, as illustrated by his success to this point. The Court does not find that the present scenario justifies modifying its original sentence.

Clark is to be commended for the success he has had on supervision thus far. But considering the length of time remaining on the supervised release term, the lack of any real reason

as to why supervision should be terminated, and the other relevant considerations set forth herein, the Motions [73, 75] are DENIED.

SO ORDERED, this the 15th day of January, 2026.

/s/ Sharion Aycock
SENIORUNITED STATES DISTRICT JUDGE